IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

---

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

    **Plaintiff,**

v.                          CIVIL ACTION NO.

ESTATE OF JASON FARESE;
ESTATE OF LEA FARESE;
JOHN S. FARESE, AS GUARDIAN
OF L.V.F., L.W.F., AND A.P.F.,
THE NATURAL CHILDREN AND WRONGFUL
DEATH BENEFICIARIES OF LEA AND
JASON FARESE; ESTATE OF AUSTIN POOLE;
ESTATE OF ANGELA ROARK POOLE;
LESLIE HERRING MILEY, AS GUARDIAN
OF W.J.P. AND K.W.P., THE MINOR
NATURAL CHILDREN AND WRONGFUL DEATH
BENEFICIARIES OF AUSTIN POOLE;
JAMES K. WARRINGTON, AS GUARDIAN OF
K.E.W., W.A.W, AND J.P.W., THE
MINOR NATURAL CHILDREN AND WRONGFUL
DEATH BENEFICIARES OF ANGELA ROARK
POOLE; ESTATE OF MICHAEL MCCONNELL PERRY;
ESTATE OF KIMBERLY WESTERFIELD PERRY;
ROBERT PERRY, AS GUARDIAN OF S.M.P.,
J.W.P., AND A.R.P., THE MINOR NATURAL CHILDEREN
AND WRONGFUL DEATH BENEFICIARIES OF
MICHAEL MCCONNELL PERRY AND KIMBERLY
WESTERFIELD PERRY; OXFORD UNIVERSITY AIRCRAFT
CHARTERS, LLC; OXFORD AIRCRAFT CHARTERS, LLC; AND
NORTH MISSISSIPPI EQUIPMENT, INC.,

    **Defendants.**

---

## COMPLAINT FOR DECLARATORY JUDGMENT OF
## NON-LIABILITY OF INSURER

---

    **COMES NOW** the Plaintiff, American National Property and

Casualty Company ("ANPAC"), by and through its counsel of record,

pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28

U.S.C.A. §§ 1332 ("Diversity of Citizenship; Amount in Controversy; Costs"), 2201 ("Declaratory Judgments, Creation of Remedy"), and 2202 ("Declaratory Judgments, Further Relief"), and hereby files its Complaint for Declaratory Judgment of Non-Liability of Insurer, and would state the following unto the Court:

## I.   JURISDICTION

1.   ANPAC brings this declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C.A. §§ 2201 ("Declaratory Judgments, Creation of Remedy") and 2202 ("Declaratory Judgments, Further Relief").   This Court has original jurisdiction under 28 U.S.C.A. § 1332 ("Diversity of Citizenship; Amount In Controversy; Costs"), as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## II. PARTIES

2.   ANPAC is a Missouri corporation, incorporated under the laws of the State of Missouri, with its principal place of business in the State of Missouri.

3.   Defendant, Estate of Jason Farese, may be served with process by process by personal service upon its Executor, John S. Farese, at 720B North Lamar Blvd., Oxford, Mississippi 38655.

4.   Defendant John S. Farese, in his capacity as guardian of L.V.F., L.W.F., and A.P.F., the minor natural children and wrongful death beneficiaries of Lea Farese and Jason Farese, may be served

2

with process by personal service upon him at 720B North Lamar Blvd., Oxford, Mississippi 38655.

5.   Oxford University Aircraft Charters, LLC ("OUA") is a dissolved limited liability company formed under the laws of Mississippi with its principal place of business located in Lafayette County, Mississippi.  It can be served with process through its organizer, John Booth Farese, at 720B North Lamar Blvd., Oxford, Mississippi 38655.

6.   Oxford Aircraft Charters, LLC ("OA") is a dissolved limited liability company formed under the laws of Mississippi with its principal place of business located in Lafayette County, Mississippi.  It may be served through the Estate of Jason Perry Farese.

7.   North Mississippi Equipment, Inc. ("NMEI") is a Mississippi corporation with its principal place of business located in Tippah County, Mississippi.  It can be served through its agent for service of process, Caleb McAlister, located at 20831D Highway 15 North, Falkner, Mississippi 38629.

8.   Defendant, the Estate of Lea Farese, may be served with process by personal service upon its Executor, John S. Farese, at 720B North Lamar Blvd., Oxford, Mississippi 38655.

9.   Defendant, the Estate of Austin Poole, may be served with process by personal service upon its administrator, William G. Willard, Junior, at 508 1st St., Clarksdale, Mississippi, 38614.

10. Defendant, the Estate of Angela Roark Poole, may be served with process by personal service upon its administrator, William G. Willard, Junior, at 508 1st St., Clarksdale, Mississippi 38614.

11. Defendant Leslie Herring Miley, in her capacity as guardian of W.J.P. and K.W.P., the minor natural children and wrongful death beneficiaries of Austin Poole, may be served with process by personal service upon her at her residence in Brandon, Mississippi.

12. Defendant James Warrington, in his capacity as guardian of K.E.W., W.A.W., and J.P.W., the minor natural children and wrongful death beneficiaries of Angela Roark Poole, may be served with process by personal service upon him at his residence in Cleveland, Mississippi.

13. Defendant, the Estate of Michael McConnell Perry, may be served with process by personal service upon its executor, Kurt Rademacher, who resides in Singapore, and may be served at 10 Collyer Quay #40-21, Ocean Financial Centre, Singapore 049315.

14. Defendant, the Estate of Kimberly Westerfield Perry, may be served with process by personal service upon its executor, Kurt Rademacher, who resides in Singapore, and may be served at 10 Collyer Quay #40-21, Ocean Financial Centre, Singapore 049315.

15. Defendant Robert Andrew Perry, in his capacity as guardian of S.M.P., J.W.P., and A.R.P., the minor natural children

4

and wrongful death beneficiaries of Michael McConnell Perry and Kimberly Westerfield Perry, may be served with process by personal service upon him at 3837 Majestic Oaks Drive, Oxford, Mississippi 38655.

### III. <u>AMOUNT IN CONTROVERSY</u>

16. On March 15, 2016, ANPAC issued an Aircraft Insurance Policy to Oxford University Aircraft Charters, LLC, the of record owner of a 1984 Piper PA31 325 CR Navajo airplane (FAA Registration number N4447SA) ("insured aircraft"), under Policy No. AC-01252-00 ("the Policy"), with a policy period of March 15, 2016 to March 15, 2017. (Policy, Exhibit "A" attached hereto). Among other coverages, and subject to certain conditions and exclusions, the Policy provided single limit bodily injury or property damage coverage in the amount of $1 million, per occurrence. (Policy Declarations).

17. On October 13, 2017, Defendant Kurt Rademacher, as the Executor of the Estates of Michael McConnell Perry and Kimberly Westerfield Perry, and Robert Andrew Perry, as Next Friend and Guardian of S.M.P., J.W.P., and A.R.P., the minor natural children and wrongful death beneficiaries of Michael McConnell Perry and Kimberly Westerfield Perry, sued Defendants Oxford University Aircraft Charters, LLC; Oxford Aircraft Charters, LLC; the Estate of Jason Perry Farese; and John Does 1-5 in the Circuit Court of Lafayette County, Mississippi, Cause No. L17-439 ("the Perry

Complaint"), and prayed for an award of compensatory damages in the amount in excess of $200,000.00, an amount in excess of $75,000.00. A copy of the Perry Complaint is attached hereto and made a part hereof as Exhibit B.

18. Other than the Estate of Jason Farese, the other Defendants have asserted a right to the Policy proceeds.

19. ANPAC denies insurance coverage to Oxford University Aircraft Charters, LLC; Oxford Aircraft Charters, LLC; North Mississippi Equipment, Inc.; and the Estate of Jason Perry Farese for all damages and losses arising either directly or indirectly out of the August 14, 2016 incident.

## IV. FACTUAL ALLEGATIONS

20. On March 15, 2016, ANPAC issued the Policy to Oxford University Aircraft Charters, LLC, the owner of record of the insured aircraft.

21. The Coverage Identification Page for the Policy provides that the Policy covers N447SA, a 1984 Piper PA31 325 CR Navajo.

22. Item 9 of the Coverage Identification Page provides:

REQUIREMENTS FOR THE PILOT FLYING THE AIRCRAFT: The Aircraft must be operated in flight only by a person having the minimum qualifications shown below. The pilot must have a current and valid (1) medical certificate, (2) flight review and (3) pilot certificate with necessary ratings, each as required by the FAA for each flight. THERE IS NO COVERAGE IF THE PILOT DOES NOT MEET THESE REQUIREMENTS.

23. The endorsement titled, "Requirements for the Pilot Flying the Aircraft," which was effective March 15, 2016, provides:

This endorsement completes or changes Item 9. **REQUIREMENTS FOR THE PILOT FLYING THE AIRCRAFT** of your Coverage Identification Page to read as follows:

The **aircraft** must be operated **in flight** only by a pilot named below having the minimum qualifications shown. The pilot must have a current and valid (1) medical certificate, (2) flight review and (3) pilot certificate with necessary ratings, each as required by the **FAA** for each flight. There is no coverage if the pilot does not meet the qualifications or requirements specified below for each designated use of the **aircraft**:

**MINIMUM REQUIREMENTS FOR PILOT, PILOT CERTIFICATE, RATINGS AND LOGGED FLYING HOURS:**

Any person having a commercial or more advanced pilot certificate with airplane multi-engine land and instrument-airplane ratings issued by the **FAA** who has logged at least 2,000 total hours as pilot with a minimum of 1,000 hours in multi-engine aircraft of which not less than 25 hours having been in the same make and model aircraft being operated;

Otherwise;

Jason P. Farese

John B. Farese

Glen Inman

Additional Requirements:

Before acting as sole pilot in command, Jason P. Farese and John B. Farese must each receive at least 10 hours of flight instruction to include an instrument proficiency check in the insured **aircraft** from an **FAA** certified flight instructor who meets the any person requirements stated above.

24. Under Part One, GENERAL PROVISIONS AND CONDITIONS, the Policy provides on page 4 under "**Our** Obligations and **Your** Duties:"

**We** agree to provide coverage to **you** and **someone we protect** if **you** pay the premium and comply fully with the policy requirements, but if **you** do not, or **someone we protect** does not, then **we** are not obligated either to **you** or to **someone we protect**. **We** have the right to

7

deduct any premium or other monetary obligations owed to **us** from any payment **we** make.

25. This section also provides under "Requirements for the Pilot Flying the **Aircraft**:"

> **You** must make certain that the pilot operating the **aircraft in flight** meets the requirements shown in Item 9 of the Coverage Identification Page. There is no coverage under the policy for any **accident** or **occurrence** involving operation of the **aircraft in flight** if the pilot does not meet these requirements.

26. The Policy also provides under this section in "Concealment or Misrepresentation" that "**[w]e** do not provide coverage for **you** or **someone we protect** if you or **someone we protect** has concealed or misrepresented any material fact or circumstance relating to the policy either before or after an **accident** or **occurrence**."

27. Part Three, **LIABILITY TO OTHERS**, subsection 4, "What is Not Covered," provides: "a. Pilots and Use [-] **Bodily injury** or **property damage** unless the requirements of the Coverage Identification Page regarding Pilots (Item 9) and Use (Item 10) are met."

28. Subsection 5 of Part Three, "Additional Protection," provides:

> **We** also provide the following additional protection with **your** coverage under PART THREE as long as **we** have not paid the limits of coverage that you have purchased.

> **We** will:

> a. *Defend Claims*

> Defend at **our** expense with attorneys **we** choose, any claim or legal action against **you** or **someone we protect** with respect to any claims for **bodily injury** or **property damage** resulting from an occurrence we cover. **We** may investigate, negotiate, or settle any claim or legal action as **we** elect.

29. On August 14, 2016, Jason Perry Farese piloted the insured

aircraft during a flight from Kissimmee Gateway Airport in Orlando,

Florida with an intended destination of Oxford University Airport in Oxford, Mississippi. Michael McConnell Perry, Kimberly Westerfield Perry, Austin Poole, Angela Roark Poole, and Lea Farese were passengers on the flight to Oxford University Airport. Before reaching Oxford University Airport, the aircraft crashed in the area of Northport, Alabama, resulting in the fatal injuries of the pilot, Jason Perry Farese, and all passengers.

30. As a result of the crash and the deaths of the pilot and passengers (the "decedents"), ANPAC has been put on notice of the claims and potential claims under the subject policy by representatives of the estates of the decedent-passengers and the minor children and wrongful death beneficiaries of the decedents.

31. Upon information and belief, Jason Farese did not have a current and valid flight review at the time of the incident.

32. Upon information and belief, Jason Farese did not have a current and valid pilot certificate at the time of the incident.

33. Upon information and belief, Jason Farese did not have 10 hours of flight instruction in the insured aircraft from an FAA certified flight instructor who had a commercial or more advanced pilot certificate with airplane multi-engine land and instrument airplane ratings issued by the FAA who has logged at least 2,000 total hours as a pilot with a minimum of 1,000 hours in multi-engine aircraft of which not less than 25 hours having been in the same make and model aircraft being operated.

34.   Upon information and belief, Jason Farese did not have an instrument proficiency check in the insured aircraft from an FAA certified flight instructor who had a commercial or more advanced pilot certificate with airplane multi-engine land and instrument airplane ratings issued by the FAA who has logged at least 2,000 total hours as a pilot with a minimum of 1,000 hours in multi-engine aircraft of which not less than 25 hours having been in the same make and model aircraft being operated.

35.   After the incident, ANPAC retained the services of an independent adjuster to investigate the incident.

36.   The adjuster contacted the investigator from the National Transportation Safety Board ("NTSB") assigned to investigate the incident shortly after it occurred.

37.   The investigator told the adjuster that the pilot logbooks, which would have been necessary to determine Jason Farese's compliance with the "Requirements for the Pilot Flying the Aircraft," was destroyed and/or illegible because it was onboard the aircraft during the incident.

38.   The investigator, in response to the adjuster's request for the logbooks, then provided the adjuster with only two logbook pages from 2014, which have no bearing on the incident or insurance coverage.

39.   The Perry Complaint sued the Estate of Jason Perry Farese for negligent management of fuel supply, negligent failure to

recognize and correct fuel management problems, and negligent airmanship during an emergency event.

40.    The Perry Complaint also alleges that Oxford Aircraft Charters, LLC and North Mississippi Equipment, Inc. are liable because they violated their duty to pay creditors upon winding up these entities pursuant to Miss. Code Ann. § 79-29-813, which the Perry Plaintiffs allege gave them grounds to pierce the corporate veil.

41.    On or about May 9, 2018, the NTSB issued its Final Report related to the subject incident.

42.    According to this report, the investigators determined:

> The pilot's logbook noted that he received a total of 2.9 hours of dual flight instruction during two flights on March 17, 2016. The flight instructor who flew with the pilot on March 17 and accompanied him on several other flights stated that he did not provide the pilot with any multi-engine training and he believed that the pilot had not received any training in the accident airplane.

NTSB Final Report attached hereto as Exhibit C.

43.    Additionally, the investigator also noted that the flight instructor, Charles Phillips, did not practice any single-engine operations or emergency procedures with the pilot in the subject aircraft.

44.    After the NTSB issued the Final Report, ANPAC learned for the first time that Jason Farese had not complied with the "Requirements for the Pilot Flying the Aircraft."

45.  On December 14, 2017, the United States had indicted Mr. Phillips for, among other things, giving flight instruction without a valid certification.  Indictment attached hereto as Exhibit D.

46.  ANPAC did not know or have reason to know about the indictment until July of 2018.

47.  July of 2018 is when any agent or representative of ANPAC knew or had reason to know that Jason Farese might have received insufficient training from a flight instructor that did not meet the requirements of the Policy or Federal law.

**V.  GROUNDS FOR DENIAL OF COVERAGE AND FINDING THAT THERE IS NO DUTY TO DEFEND**

48.  Jason Farese did not satisfy a condition precedent to coverage in that he did not have a current and valid flight review at the time of the incident.

49.  Jason Farese did not satisfy a condition precedent to coverage in that he did not have a current and valid pilot certificate at the time of the incident.

50.  Jason Farese did not satisfy a condition precedent to coverage because he did not have 10 hours of flight instruction in the insured aircraft from an FAA certified flight instructor who had a commercial or more advanced pilot certificate with airplane multi-engine land and instrument airplane ratings issued by the FAA who has logged at least 2,000 total hours as a pilot with a minimum of 1,000 hours in multi-engine aircraft of which not less

than 25 hours having been in the same make and model aircraft being operated.

51. Jason Farese did not satisfy a condition precedent to coverage in that he did not have an instrument proficiency check in the insured aircraft from an FAA certified flight instructor who had a commercial or more advanced pilot certificate with airplane multi-engine land and instrument airplane ratings issued by the FAA who has logged at least 2,000 total hours as a pilot with a minimum of 1,000 hours in multi-engine aircraft of which not less than 25 hours having been in the same make and model aircraft being operated.

52. In the alternative, this Court should deny coverage because the insured or its representatives concealed or misrepresented material facts or circumstances relating to the Policy and Jason Farese's pilot training and qualifications.

53. In the alternative, ANPAC does not owe a defense to Oxford Aircraft Charters, LLC or North Mississippi Equipment, Inc. for the allegations in the Perry lawsuit related to piercing the corporate veil because these allegations do not involve an "occurrence" as defined by or covered by the Policy.

54. This is a case of actual controversy within this Court's jurisdiction in that ANPAC denies that the Policy affords insurance coverage for the underlying incident and that it does not owe the insureds a duty to defend litigation filed against them arising

13

out of the underlying incident.

**WHEREFORE**, Plaintiff American National Property and Casualty Company respectfully requests this Honorable Court to:

1.   Grant the Plaintiff a judgment declaring the rights, duties, and other legal relations between the parties herein, and that the judgment declare and decree that Plaintiff is relieved of all duties and liabilities by reason of lack of insurance coverage for the underlying August 14, 2016 incident;

2.   Enter an Order restraining and prohibiting the Defendants, their attorneys, and their agents from filing or prosecuting any action against the Plaintiff in any other court for insurance coverage for physical loss or damage to the subject aircraft for the underlying August 14, 2016 incident; and

3.   Grant the Plaintiff such other and further relief as the nature of its cause and the interests of justice may so require, including its costs.

Respectfully Submitted,

**PETKOFF AND FEIGELSON, PLLC**


___/s/James Cresswell___
James L. Cresswell, Jr. (MS. Bar 102374)
305 Washington Avenue
Memphis, Tennessee 38103-1911
Tel: (901) 523-1050
Fax: (901) 523-1061
Email: jcresswell@pf-law.net
*Attorneys for Plaintiff,*
*American National Property and*
*Casualty Company*

14