IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI

| | |
|---|---|
| KURT RADEMACHER, as Executor of the Estates of Michael McConnell Perry and Kimberly Westerfield Perry; and ROBERT ANDREW PERRY, as Next Friend and Guardian of S.M.P., J.W.P., and A.R.P., the Minor Natural Children and Wrongful Death Beneficiaries of Michael McConnell Perry and Kimberly Westerfield Perry | PLAINTIFFS |
| vs. | Cause No. L17-439 |
| OXFORD UNIVERSITY AIRCRAFT CHARTERS, LLC; OXFORD AIRCRAFT CHARTERS, LLC; NORTH MISSISSIPPI EQUIPMENT INC.; THE ESTATE OF JASON PERRY FARESE; and JOHN DOES 1-5 | DEFENDANTS |

## COMPLAINT
Jury Trial Requested

COME NOW Plaintiffs Kurt Rademacher, as Executor of the Estates of Michael McConnell Perry and Kimberly Westerfield Perry, and Robert Andrew Perry, as Next Friend and Guardian of S.M.P., J.W.P., and A.R.P., the minor natural children and wrongful death beneficiaries of Michael McConnell Perry, deceased, and Kimberly Westerfield Perry, deceased, by and through counsel, and file this their Complaint against Defendants Oxford University Aircraft Charters, LLC, Oxford Aircraft Charters, LLC, North Mississippi Equipment Inc., the Estate of Jason Perry Farese, and John Does 1-5. In support thereof, Plaintiffs would show the following:

### PARTIES

1.  Kurt Rademacher, as executor of the Estates of Michael McConnell Perry and Kimberly Westerfield Perry, is an adult individual who resides in Singapore.

2.     Robert Andrew Perry, as next friend and guardian of S.M.P., J.W.P., and A.R.P., is an adult individual who resides in Lafayette County, Mississippi.

3.     S.M.P., a minor, J.W.P., a minor, and A.R.P., a minor, are the natural children and wrongful death beneficiaries of Michael McConnell Perry, deceased, and Kimberly Westerfield Perry, deceased, and reside in Lafayette County, Mississippi.

4.     Oxford University Aircraft Charters, LLC ("OUA") is a limited liability company formed under the laws of Mississippi with its principal place of business located in Lafayette County, Mississippi.

5.     Oxford Aircraft Charters, LLC ("OA") is a limited liability company formed under the laws of Mississippi with its principal place of business located in Lafayette County, Mississippi.

6.     North Mississippi Equipment Inc. ("NMEI") is a Mississippi corporation with its principal place of business located in Tippah County, Mississippi.

7.     At the time of his death, Jason Perry Farese was an adult individual who resided in Lafayette County, Mississippi. The residency of his Estate is thus Lafayette County, Mississippi.

8.     John Does 1-5 are individuals and/or entities presently unknown to Plaintiffs at this time and are named in this lawsuit pursuant to Miss. R. Civ. P. 9(h). All allegations and claims asserted herein against the defendants are incorporated by reference against John Does 1-5. John Does 1-5 will be identified by name and joined in this action, by amendment of the Complaint, pursuant to the Mississippi Rules of Civil Procedure, when the information to do so becomes available.

## JURISDICTION

9. This Court has subject matter jurisdiction over this action pursuant to Miss. Code Ann. § 9-7-81 because the principal amount in controversy exceeds $200,000 and this action is not exclusively cognizable in another court.

## VENUE

10. Venue is proper in this county pursuant to Miss. Code Ann. § 11-11-3 because Lafayette County is where several of the defendants reside.

## FACTS

### JASON PERRY FARESE AND THE AIRCRAFT

11. At all relevant times, Jason Perry Farese was a member of OA.

12. At all relevant times, OUA had two members: OA and NMEI.

13. At all relevant times, OUA owned a Piper PA-31-325 aircraft bearing federal registration number N447SA ("the Aircraft").

14. According to Federal Aviation Administration ("FAA") records, the Aircraft was manufactured in 1984 and reissued an airworthiness certificate in 1998. The most recent annual inspection of the Aircraft was performed on November 13, 2015, and at that time the airframe had accumulated 3,260.8 total hours of time in service.

15. According to FAA records, the Aircraft was equipped with two Lycoming TIO-540-series, 350-horsepower engines. It was also equipped with two 4-bladed Hartzell controllable pitch propellers.

16. During a complete loss of engine power emergency event, standard operating procedure for a multi-engine airplane bearing controllable pitch propellers such as the Aircraft is to feather the propellers, i.e. to place the propellers in a parallel position to airflow to reduce drag.

3

17. The Aircraft was equipped with four fuel tanks. Each wing was equipped with one inboard tank and one outboard tank.

18. Total fuel capacity for the Aircraft is approximately 192 gallons, with approximately 103.4 gallons usable in the inboard fuel tanks and approximately 80 gallons usable in the outboard fuel tanks.

19. Fuel for the Aircraft is managed by a fuel selector, and the pilot must operate the manual fuel selector valve to switch between the inboard and outboard tanks.

20. Fuel management procedures for the Aircraft require fuel selectors in the inboard tank position for take-off and climb to cruising altitude. The procedures require the pilot to switch the fuel selectors to the outboard tank position for the cruise portion of the flight. The procedures require the pilot to continue flight with the fuel selectors in the outboard position until fuel is nearly exhausted, then switch the fuel selectors to the inboard tank position for the remainder of the flight.

21. According to a flight log in the Aircraft, Jason Perry Farese had accumulated 48.7 hours of flight time in the Aircraft at the time of his death.

THE ACCIDENT

22. On August 10, 2016, Jason Perry Farese flew the Aircraft from the Oxford University Airport (UOX) in Oxford, Mississippi to Kissimmee Gateway Airport (ISM) in Orlando, Florida, carrying the following passengers: Lea Montgomery Farese; Austin Poole; Angela Poole; Michael McConnell Perry; and Kimberly Westerfield Perry ("the Passengers").

23. On August 14, 2016, Jason Perry Farese intended to fly the Aircraft with the Passengers from ISM to UOX pursuant an instrument flight plan filed for the personal flight.

4

24. According to fuel receipts, prior to departure on August 14, 2016 the Aircraft's fuel tanks were "topped off" with 134 gallons of fuel.

25. On August 14, 2016, the Aircraft departed ISM at 9:55 AM EST.

26. According to the National Transportation Safety Board Aviation Accident Preliminary Report ("NTSB Preliminary Report"), at approximately 11:11 AM CST pilot Jason Perry Farese reported a failure of a fuel pump and requested a diversion to the nearest airport. Air Traffic Control asked if the Aircraft could make it to Tuscaloosa Regional Airport (TCL) in Tuscaloosa, Alabama, and pilot Jason Perry Farese confirmed.

27. Air Traffic Control advised Jason Perry Farese that another airport, Bibb County Airport (OA8), was only eight miles away and available for landing. Jason Perry Farese declined and proceeded to TCL.

28. According to the NTSB Preliminary Report, when the Aircraft was approximately 10 miles from TCL, pilot Jason Perry Farese reported that the Aircraft lost "the other fuel pump."

29. According to the NTSB Preliminary Report, the Aircraft continued to descend until it impacted trees approximately 1,650 feet prior to the approach end of runway 30. The airplane impacted trees, the ground, and came to rest in an upright position.

30. According to the NTSB Preliminary Report, the Aircraft caught fire as a result of the impact. All major components of the airplane were accounted for at the scene. Upon inspection, the right and left propellers remained attached to their respective engines and were found in the unfeathered position.

31. Jason Perry Farese and the Passengers were fatally injured as a result of the crash.

32. According to their death certificates, Michael McConnell Perry died from smoke inhalation from the post-crash fire and Kimberly Westerfield Perry died from multiple blunt force injuries and thermal burns.

## CAUSES OF ACTION

### COUNT 1: VICARIOUS LIABILITY
### (OXFORD UNIVERSITY AIRCRAFT CHARTERS, LLC)

33. Plaintiffs incorporate by reference the previous allegations presented in this Complaint.

34. At all material times, OUA owned the Aircraft.

35. As owner of the Aircraft, OUA is deemed to be engaged in the operation of the Aircraft pursuant to Miss. Code Ann. § 61-1-3.

36. As operator of the Aircraft, OUA is vicariously liable for the negligence of Jason Perry Farese in piloting the Aircraft on the date of the subject crash as set forth herein, and is liable for the resulting damages to Plaintiffs.

### COUNT 2: PIERCING THE CORPORATE VEIL
### (OXFORD AIRCRAFT CHARTERS, LLC AND NORTH MISSISSIPPI EQUIPMENT INC.)

37. Plaintiffs incorporate by reference the previous allegations presented in this Complaint.

38. At all material times, OA and NMEI were members of OUA.

39. Following the subject crash, OUA filed articles of dissolution with the Mississippi Secretary of State.

40. Pursuant to Miss. Code Ann. § 79-29-813(1)(a) and other applicable statutory authority, OA and NMEI, as members of OUA, had an obligation in winding up OUA to distribute assets first to creditors in satisfaction of liabilities of the LLC, whether by payment or the making of reasonable provision for the payment thereof.

41. Pursuant to Miss. Code Ann. § 79-29-813(2)(c) and other applicable statutory authority, liabilities of the LLC as set forth in the preceding paragraph include claims that had not been made known to the LLC at the time of dissolution or that had not arisen but that, based on facts known to it, were likely to arise or become known.

42. OA and NMEI, as members of OUA, knew of the subject crash and, therefore, knew Plaintiffs' claims regarding the subject crash were likely to arise or become known.

43. To the extent OA and NMEI, as members of OUA, received a distribution in violation of Miss. Code Ann. § 79-29-813(1), this Court should pierce the corporate veil and hold OA and NMEI personally liable for the debts and obligations of OUA, as alleged herein. *See* Miss. Code Ann. § 79-29-813(3).

44. This Court should additionally pierce the corporate veil and hold OA and NEMI personally liable for the debts and obligations of OUA pursuant to Miss. Code Ann. § 79-29-819(4)(b) to the extent of the members' pro rata share of the assets distributed to the members in liquidation.

### COUNT 3: NEGLIGENT MANAGEMENT OF FUEL SUPPLY
### (ESTATE OF JASON PERRY FARESE)

45. Plaintiffs incorporate by reference the previous allegations presented in this Complaint.

46. Jason Perry Farese, as the pilot of the Aircraft on August 14, 2016, had a duty to operate the Aircraft in a reasonable manner under the circumstances then and there existing, a duty to maintain a safe and proper aircraft, including but not limited to operating the Aircraft within its capabilities and performance specifications, and a duty not to endanger the safety of the Passengers and/or injure others, including passengers Michael McConnell Perry and Kimberly Westerfield Perry.

7

47. Jason Perry Farese breached the above-described duties when he failed to manage his fuel supply properly.

48. Specifically, Jason Perry Farese negligently managed his fuel supply because the Aircraft was equipped with sufficient fuel to complete the intended flight from UOX to ISM, and proper management of said fuel supply via properly switching between the inboard and outboard tanks during the flight would have allowed Jason Perry Farese to complete the intended flight without issue.

49. Jason Perry Farese's negligent management of the Aircraft's fuel supply proximately caused Jason Perry Farese to crash the Aircraft, fatally injuring Michael McConnell Perry and Kimberly Westerfield Perry and causing Plaintiffs' herein-described damages.

50. As a result of Jason Perry Farese's negligence, Plaintiffs have suffered and will continue to experience pain and suffering, mental anguish, loss of love, society, and companionship, future lost wages, and other compensatory damages available at law.

COUNT 4: NEGLIGENT FAILURE TO RECOGNIZE AND CORRECT FUEL MANAGEMENT PROBLEM
(ESTATE OF JASON PERRY FARESE)

51. Plaintiffs incorporate by reference the previous allegations presented in this Complaint.

52. Jason Perry Farese, as the pilot of the Aircraft on August 14, 2016, had a duty to operate the Aircraft in a reasonable manner under the circumstances then and there existing, a duty to maintain a safe and proper aircraft, including but not limited to operating the Aircraft within its capabilities and performance specifications, and a duty not to endanger the safety of the Passengers and/or injure others, including passengers Michael McConnell Perry and Kimberly Westerfield Perry.

53. Jason Perry Farese breached the above-described duties when he failed to recognize and correct his fuel management error.

54. Specifically, Jason Perry Farese negligently failed to follow fuel management procedures for the Aircraft by switching the fuel selectors between the inboard and outboard fuel tanks to properly use the available fuel in the Aircraft that was sufficient to complete the intended flight from UOX to ISM.

55. As a result of Jason Perry Farese's negligence, Plaintiffs have suffered and will continue to experience pain and suffering, mental anguish, loss of love, society, and companionship, future lost wages, and other compensatory damages available at law.

### COUNT 5: NEGLIGENT AIRMANSHIP DURING AN EMERGENCY EVENT
### (ESTATE OF JASON PERRY FARESE)

56. Plaintiffs incorporate by reference the previous allegations presented in this Complaint.

57. Jason Perry Farese, as the pilot of the Aircraft on August 14, 2016, had a duty to operate the Aircraft in a reasonable manner under the circumstances then and there existing, a duty to maintain a safe and proper aircraft, including but not limited to the operation of the Aircraft within its capabilities and performance specifications, and a duty not to endanger the safety of the Passengers and/or injure others, including Michael McConnell Perry and Kimberly Westerfield Perry.

58. Jason Perry Farese breached the above-described duties when he failed to take appropriate and available emergency action during a complete loss of engine power emergency event.

59. Specifically, Jason Perry Farese was negligent in failing to follow standard operating procedure for a multi-engine airplane bearing controllable pitch propellers when he

9

failed to place the left and right propellers into a feathered position after the engines failed. The unfeathered propellers increased the aerodynamic drag on the Aircraft and decreased the Aircraft's gliding ratio and distance.

60. Jason Perry Farese was further negligent in refusing to land the Aircraft at OA8, which was closer than TCL and available for the Aircraft's emergency landing.

61. Jason Perry Farese's negligent airmanship during the emergency event proximately caused Jason Perry Farese to crash the Aircraft, fatally injuring Michael McConnell Perry and Kimberly Westerfield Perry and causing Plaintiffs' herein-described damages.

62. As a result of Jason Perry Farese's negligence, Plaintiffs have suffered and will continue to experience pain and suffering, mental anguish, loss of love, society, and companionship, future lost wages, and other compensatory damages available at law.

## PRAYER FOR RELIEF AND JURY DEMAND

63. Plaintiffs request that the Court enter a judgment in their favor and against Defendants that provides Plaintiffs the following relief:

(i) wrongful death damages in an amount to be proven at trial;

(ii) estate damages in an amount to be proven at trial;

(iii) pain and suffering damages in an amount to be proven at trial;

(iv) future lost wages damages in an amount to be proven at trial;

(v) pre-judgment and post-judgment interest; and

(vi) all other relief that the Court deems appropriate.

64. Pursuant to Mississippi Rule of Civil Procedure 38, Plaintiffs hereby request a trial by jury on all issues so triable.

This the 13th day of October, 2017.

Respectfully submitted,

By: _____
Phil B. Abernethy (MB #1023)
Robert A. Miller (MB #3305)
Benjamin M. Watson (MB #100078)
*Counsel for Plaintiffs*

OF COUNSEL:

Phil B. Abernethy (MB #1023)
Robert A. Miller (MB #3305)
Benjamin M. Watson (MB #100078)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
Post Office Box 6010 (39158)
Tel: (601) 948-4420
Fax: (601) 985-4500
phil.abernethy@butlersnow.com
bobby.miller@butlersnow.com
ben.watson@butlersnow.com

37208490.v1

11